FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV - 7 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ALAN E. GRUNDEL and SHARON L. GRUNDEL, husband and wife,

Plaintiffs,

vs.

LOANCITY, a California corporation; et al.,

Defendants.

3:11-cv-00208-LRH-WGC

**ORDER ON MOTION TO ADD INDISPENSABLE PARTY**

Plaintiffs have filed a "Motion to Add Indispensable Party" (Doc. #12).[1]

Whether plaintiffs' motion should have even been filed herein may be problematic because this case may still be subject to a "stay" order. On May 5, 2011, the Hon. Larry R. Hicks entered an Order (Doc. #10) staying this action and transferring the matter to the Multi-District Litigation Panel (MDL) in Arizona where numerous "MERS"[2] cases were consolidated. On October 3, 2011, the District Judge assigned the MDL matter in Arizona, the Hon. James A. Teilborg, thereafter entered an order regarding various cases consolidated under MDL Docket No. 09-2119-JAT, filed in the instant matter as Doc. #14.

Judge Teilborg's order references the instant matter. Therein, he ordered that claims 1-3 and 5-9 of the *Grundel* case would "remain with the undersigned as part of the MDL." Judge Teilborg further ordered, however, that claim 4 was remanded to the transferor court,

---

[1] Refers to court's docket number.

[2] Mortgage Electronic Registration Systems, Inc.

i.e., the District of Nevada. He indicated that "with respect to any claims that have been remanded to the transferor courts, defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case the order of the transferor court shall control." *Id.* at p. 4.[3]

Thus, there is a question whether the stay imposed by Judge Hicks is still in effect, or whether the stay order was lifted by implication under Judge Teilborg's order. However, assuming the stay order has been lifted, the court will now address plaintiffs' motion. (Doc. #12.)

Although plaintiffs do not specifically state who exactly it is they wish to add as an "Indispensable Party," it appears that the entity plaintiffs want to sue as a party defendant is the Federal National Mortgage Association ("Fannie Mae"). The authority plaintiffs cite for adding an "indispensable party" is Fed. R. Civ. P. 19 & 21.

Fannie Mae opposes the requested joinder (Doc. #16). It appears to the court that Fannie Mae, which characterizes itself as a "defendant" in its "Response in Opposition to Motion to Add Indispensable Party," is not named in the complaint as a "defendant" and as best as the court can discern, is not a party to this litigation. Accordingly, even though Fannie Mae self-styles itself as a "defendant," it may have no standing to appear herein.[4]

Nevertheless, the court is persuaded by the argument that Fannie Mae asserts, i.e., that the proper mechanism to attempt to bring Fannie Mae into this action as a party defendant is through a motion to amend the complaint under Rule 15 and not via the "indispensable party" provision of Rule 19. (Doc. #16) Merely adding Fannie Mae as a party would not explain the basis of its alleged liability to plaintiff. As Fannie Mae argues:

---

[3] Defendant Onewest Bank filed a petition for removal (Doc. #1), a certificate of interested parties (Doc. #3) and a statement re removal (Doc. #4). Defendant MERS filed a motion to stay (Doc. #5) and a notice (Doc. #6). However, no party has answered or otherwise responded to plaintiffs' complaint.

[4] The Fannie Mae response references MDL litigation in Arizona, and the court suspects that Fannie Mae might be a defendant in one of the consolidated cases. However, to the best of the court's ability to interpret this case, it does not appear Fannie Mae is a party herein.

> Plaintiffs nowhere explain what claims they assert against Fannie Mae nor any acts by Fannie Mae that could give rise to a plausible cause of action against Fannie Mae. As a result, Fannie Mae is left to guess what claims, if any, it must defend against.

(Doc #16 at 3.)

Fannie Mae further asserts that "any such amendment would be futile." (Doc. #16 at 3.) However, unless and until plaintiffs file a proposed amended complaint, the court is unable to discern whether the attempted amendment would be futile or not. Therefore, the court will not address the substantive argument of whether the proposed amendment would or would not state an actionable claim for relief at this time.

Therefore, plaintiffs' motion (Doc # 12) is **DENIED**. If plaintiffs wish to add Fannie Mae as a party defendant, plaintiffs should comply with the terms and provisions of Fed. R. Civ. P. 15 and LR 15-1.

Finally, Judge Teilborg's order raises a jurisdictional issue which must be addressed herein. In his Order re MDL Transfers, claims 1-3 and 5-9 were to remain as part of the MDL. Claim 4 was returned to the District of Nevada. Claim 4, the "Fourth Cause of Action," is an allegation of the "Covenant of Good Faith and Fair Dealing" asserted under the common law of the State of Nevada. (*See* Doc. #1 at 42-45.) This does not implicate federal jurisdiction. As such, the one remaining claim existing in the instant matter appears to lack federal subject matter jurisdiction.

Plaintiffs are therefore required to file, on or before November 18, 2011, in accordance with LR 81, a statement of the "statutory or other basis of claimed federal jurisdiction and the facts in support thereof" upon which plaintiffs believe claim 4 may proceed herein.

**IT IS SO ORDERED.**

DATED: November 7, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE